IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:        4:17cr33/MW/MAF
                                                         4:21cv144/MW/MAF

TEDRICK CHILDS
     Reg. No. 25685-017

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner Tedrick Childs' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law.   ECF No. 48.   Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."    After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

On June 7, 2017, a federal grand jury charged Tedrick Childs with two counts of distribution of an unspecified amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).   ECF No. 1.   Childs pleaded guilty to both counts in October of 2017.   ECF Nos. 30-32.   The Presentence Investigation Report concluded that based on Childs' total offense level of 31 and criminal history of VI, the guideline imprisonment range was 188 to 235 months.   The court granted the defense request for a variance over the Government's objection, and it sentenced Childs to concurrent terms of 96 months' imprisonment.   ECF Nos. 45, 46.   Childs elected not to file an appeal, and counsel filed Childs' sworn statement to this effect on May 2, 2018, after the period for filing a notice of appeal elapsed.   ECF No. 47. The Government did not appeal the below-guidelines sentence, and there was no further action in this case until Childs filed the instant § 2255 motion dated March 17, 2021.   ECF No. 48.

Childs raises three grounds for relief in his motion, although none includes any meaningful factual support.   First, he complains the Government intercepted private communication and relied on a C.I. without

Case Nos. 4:17cr33/MW/MAF; 4:21cv144/MW/MAF

adequate foundation and "it was only hearsay."   ECF No. 48 at 4.

Second, he claims counsel was constitutionally ineffective because counsel

permitted the Government to "use intelligence gained without adequate

foundation."   *Id.* at 5.   Finally, he claims a violation of double jeopardy

because "Counts 1 and 2 facilitate each other in single criminal

investigation."   *Id.* at 6.   As to each ground raised, Childs states he did not

raise it on direct appeal or previously because he "could not establish

cause and prejudice."   *Id.* at 4, 5, 7, 9.   He claims the motion is timely

because he is "able to overcome procedural default by establishing cause

and prejudice."   *Id.* at 10.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the

filing of motions under this section. The one-year period of time runs from

the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution
> or laws of the United States is removed, if the petitioner was
> prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to
> cases on collateral review; or

Case Nos. 4:17cr33/MW/MAF; 4:21cv144/MW/MAF

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

28 U.S.C. § 2255.   Childs filed his motion nearly three years after

judgment was entered in this case.   Therefore, it is facially untimely.   His

nebulous reference to now being able to establish cause and prejudice is

unsupported by his submission, which is bereft of meaningful argument or

factual support, as well as an explanation of the "cause" for his failure to

raise these issues previously.   Unless Childs establishes his entitlement to

equitable tolling, his motion is time barred.   *Jones v. United States*, 304

F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d

1086, 1089 (11th Cir. 2000)).

Equitable tolling is appropriate when a § 2255 motion is untimely

because of "extraordinary circumstances that are both beyond [the

defendant's] control and unavoidable even with diligence."   *Johnson v.*

*United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of*

*Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177

F.3d 1269, 1271 (11th Cir. 1999)).   Otherwise stated, "a litigant seeking

equitable tolling bears the burden of establishing two elements: (1) that he

Case Nos. 4:17cr33/MW/MAF; 4:21cv144/MW/MAF

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew,* 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040; *Amodeo v. United States*, 799 F. App'x 728, 730 (11th Cir. 2020). The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Childs intended to, or is entitled to, invoke the doctrine of equitable tolling. As best the court can ascertain, the basis for each ground for relief was available to him before sentencing. Therefore, Childs' motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of

appeal must still be filed, even if the court issues a certificate of

appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of

the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).   Therefore, it is also recommended that the court deny a

certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on whether

a certificate should issue."   If there is an objection to this recommendation

by either party, that party may bring this argument to the attention of the

district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (ECF No.

48) be summarily **DENIED and DISMISSED** as untimely.

Case Nos. 4:17cr33/MW/MAF; 4:21cv144/MW/MAF

2.    A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 29th day of March, 2021.


s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.   Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.   An objecting party must serve a copy of its objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos. 4:17cr33/MW/MAF; 4:21cv144/MW/MAF